**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0990-16T3

IN THE MATTER OF

RUTGERS, THE STATE UNIVERSITY
OF NEW JERSEY,

    Petitioner-Respondent,

and

FRATERNAL ORDER OF POLICE,
LODGE 62,

    Respondent-Appellant.

_____

Submitted January 29, 2018 - Decided July 27, 2018

Before Judges Messano and Accurso.

On appeal from the Public Employment
Relations Commission, Docket No. SN-2016-
058.

Brickfield & Donahue, attorneys for
appellants, Fraternal Order of Police and
William DeFalco (Joseph R. Donahue, of
counsel and on the brief).

McElroy, Deutsch, Mulvaney & Carpenter, LLP,
attorneys for respondent Rutgers, The State
University of New Jersey (John J. Peirano,
of counsel; James P. Lidon and Seth Spiegal,
on the brief).

Robin T. McMahon, General Counsel, attorney
for New Jersey Public Employment Relations
Commission (Frank C. Kanther, Deputy General
Counsel, on the statement in lieu of brief).

PER CURIAM

Rutgers, The State University of New Jersey, suspended one of its campus police officers, William DeFalco, for more than five days following an internal affairs investigation. A five-day suspension constitutes major discipline. DeFalco's union, Fraternal Order of Police, Lodge 62, grieved the suspension and the University's subsequent refusal to advance him on the salary guide based on a provision of the collective negotiations agreement conditioning advancement on the officer being suspension-free in the preceding year.

When the Union demanded binding arbitration following the University's denial of the grievance after a hearing, the University filed a scope petition with the Public Employment Relations Commission. PERC issued a final decision that only the procedural aspects of the dispute were arbitrable, that is, the claims relating to notice, an opportunity to be heard and the University's adherence to contractual investigatory and disciplinary policies and procedures, including those relating to advancement under the salary guide. PERC ruled the merits of the suspension were not arbitrable. Specifically, PERC

A-0990-16T3

determined that amendments to N.J.S.A. 34:13A-5.3 in 2003[1] and 2005[2] had not altered the holdings of State v. State Troopers Fraternal Association, 134 N.J. 393 (1993), and County of Monmouth v. Communications Workers of America, 300 N.J. Super. 272 (1997), prohibiting police officers from arbitrating the merits of major discipline. We agree and affirm.

Because the sole issue on appeal involves a question of law, our review is de novo. Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973). Notwithstanding, we accord PERC's decision considerable deference because it hinged on interpretation of the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -43, the statute PERC is charged with administering. See In re Bd. of Fire Com'rs, 443 N.J. Super.

---

[1] L. 2003, c. 119, § 2 amended N.J.S.A. 34:13A-5.3 to permit binding arbitration of disputes involving major discipline of unionized employees of the State of New Jersey, with the exception of the State Police, pursuant to the terms of any collectively negotiated agreement.

[2] L. 2005, c. 380, § 1 amended N.J.S.A. 34A:13-5.3 to provide for a presumption of arbitrability in the interpretation of a provision of a collectively negotiated agreement providing for grievance arbitration, expressly providing that doubts as to the scope of such a clause shall be resolved in favor of arbitration. See Northvale Bd. of Educ. v. Northvale Educ. Ass'n, 192 N.J. 501, 516 (2007) (J. Long, dissenting) (describing the effect of the amendment as "a sea-change" in the law of public sector arbitration).

A-0990-16T3

158, 172 (App. Div. 2015). "The standard of review of a PERC decision concerning the scope of negotiations is 'thoroughly settled. The administrative determination will stand unless it is clearly demonstrated to be arbitrary or capricious.'" City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 568 (1998) (quoting In re Hunterdon Cty. Bd. of Chosen Freeholders, 116 N.J. 322, 329 (1989)).

Since the Supreme Court's decision in State Troopers, PERC has consistently restrained binding arbitration of the merits of major discipline of police officers, including those employed by Rutgers. See, e.g., In re Rutgers, The State Univ. of New Jersey and FOP Lodge 62, P.E.R.C. No. 2015-8, 41 N.J.P.E.R. ¶ 35, 2014 N.J. PERC LEXIS 83 at 3 (2014) (holding in a case involving a ten-day suspension that State Troopers precludes binding arbitration of major disciplinary disputes involving police officers), aff'd, In re Rutgers, The State Univ. and FOP Lodge 62, No. A-0455-14 (App. Div. Sep. 8, 2016); In re Rutgers, The State Univ. of New Jersey and Superior Officers Ass'n, P.E.R.C. No. 2013-12, 39 N.J.P.E.R. ¶ 47, 2012 N.J. PERC LEXIS 53 at 1 (2012) (holding in a demotion case that police officers may not contest major disciplinary sanctions through binding arbitration); In re Rutgers, The State Univ. and FOP Lodge 62, P.E.R.C. No. 2007-5, 32 N.J.P.E.R. ¶ 113, 2006 N.J. PERC LEXIS

A-0990-16T3

220 at 3-4 (2006) (holding State Troopers, and Commission cases applying that decision preclude binding arbitration of the merits of major disciplinary actions against police officers), aff'd, In re Rutgers, The State Univ. and FOP Lodge No. 62, No. A-0485-06 (App. Div. Aug. 3, 2007); In re Rutgers, The State Univ. and FOP, P.E.R.C. No. 96-22, 21 N.J.P.E.R. ¶ 356, 1995 N.J. PERC LEXIS 248 at 4-5 (1995) (same).

The Union asserts "that N.J.S.A. 34:13A-5.3, as amended in 2005, expressly provides for arbitration of major discipline if agreed to by the parties."  It fails, however, to address the point we made when it raised the same issue against the University in 2007 and again in 2016, that the 2003 amendment authorizing binding arbitration of disputes involving major discipline is directed to "the State of New Jersey" and not other public employers, such as Rutgers, and thus the amendment effective in 2005 creating a presumption in favor of arbitrability is of no assistance to employees of Rutgers.[3]  See

---

[3]  As it pertains to binding arbitration of disputes involving major discipline, N.J.S.A. 34:13A-5.3 as amended in 2003 and 2005 provides:

> Where the State of New Jersey and the majority representative have agreed to a disciplinary review procedure that provides for binding arbitration of disputes involving the major discipline of any public

(continued)

In re Rutgers, The State Univ. and FOP Lodge No. 62, No. A-0485-
06 (App. Div. Aug. 3, 2007) (slip op. at 3) ("The FOP presents
no argument based on the current provisions of N.J.S.A. 34:13A-
5.3 addressing arbitration and major discipline."); In re
Rutgers, The State Univ. of New Jersey and FOP Lodge 62, No.

(continued)

> employee protected under the provisions of
> this section, other than public employees
> subject to discipline pursuant to [N.J.S.A.]
> 53:1-10, the grievance and disciplinary
> review procedures established by agreement
> between the State of New Jersey and the
> majority representative shall be utilized
> for any dispute covered by the terms of such
> agreement.  For the purposes of this
> section, major discipline shall mean a
> removal, disciplinary demotion, suspension
> or fine of more than five days, or less
> where the aggregate number of days suspended
> or fined in any one calendar year is 15 or
> more days or unless the employee received
> more than three suspensions or fines of five
> days or less in one calendar year.
>
> In interpreting the meaning and extent
> of a provision of a collective negotiation
> agreement providing for grievance
> arbitration, a court or agency shall be
> bound by a presumption in favor of
> arbitration. Doubts as to the scope of an
> arbitration clause shall be resolved in
> favor of requiring arbitration.
>
> [Emphasis supplied.]

A-0455-14 (App. Div. Sep. 8, 2016) (slip op. at 10) ("[Rutgers] and its police department are not the State of New Jersey.").[4]

As the Union has failed to advance any argument to assail PERC's reasonable interpretation of the 2003 amendment to N.J.S.A. 34:13A-5.3 as limited to the State of New Jersey, it provides us no basis on which to find PERC's decision is arbitrary or inconsistent with the statute. As we advised in 2007, "[w]e decline to consider questions of statutory interpretation that have not been raised or briefed by the parties or considered by the agency charged with the responsibility of administering the law." In re Rutgers, The State Univ. and FOP Lodge No. 62, No. A-0485-06 (App. Div. Aug. 3, 2007) (slip op. at 3).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We cite our prior unpublished opinions involving the same parties litigating the same issue not for their precedential value, they have none, but to illustrate why we decline to address a statutory argument the Union has again failed to advance. Because the case history is relevant to the issue before us, R. 1:36-3's prohibition against the citation of unpublished opinions is not violated. See Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 560 (2015).

A-0990-16T3